FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

GARRICK DON THOMPSON,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 22-5067
(D.C. No. 4:21-CV-00491-GFK-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Garrick Thompson, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to appeal the district court's order dismissing his federal habeas

petition under 28 U.S.C. § 2254 as untimely. For the reasons explained below, we deny

Thompson's request and dismiss this matter.

Thompson is serving a 35-year prison sentence on his Oklahoma convictions for

assault and battery with a deadly weapon, robbery with a firearm, and first-degree

burglary. In November 2011, the Oklahoma Court of Criminal Appeals (OCCA) affirmed

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed.
R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Thompson's pro se pleadings, but we will not act as his
advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

his convictions and sentence on direct appeal. Nearly a decade after his unsuccessful direct appeal, Thompson sought postconviction relief in state court. Relying on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), he argued that Oklahoma lacked jurisdiction to prosecute him because he is an enrolled member of the Muscogee (Creek) Nation and his crimes took place on the Creek Reservation. *See id.* at 2478 (holding Creek Reservation remains "Indian country" for purposes of Major Crimes Act, 18 U.S.C. § 1153, because Congress never disestablished it; as a result, "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed" there). The state district court denied relief, and the OCCA affirmed, citing its recent precedent holding that *McGirt* does not apply retroactively on collateral review to convictions that became final before its announcement, like Thompson's did. *See State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688 (Okla. Crim. App. 2021), *cert. denied*, *Parish v. Oklahoma*, 142 S. Ct. 757 (2022).

Thompson then turned to federal court, filing the underlying § 2254 petition in November 2021 to challenge the jurisdictional basis of his convictions. The State moved to dismiss the petition as untimely because Thompson filed it more than one year after his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). The district court granted the motion, dismissed the petition, and declined to issue a COA.

Thompson now requests a COA from this court, seeking to challenge the district court's order dismissing his federal habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Thompson must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *Id.* at 485.

Thompson argues that reasonable jurists could debate whether his petition was timely. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a federal habeas petition. *See* § 2244(d)(1). Ordinarily, that limitations period begins to run when the state-court judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). But AEDPA delays this start date if (1) state action created an unlawful impediment to filing the petition, (2) the petitioner asserts a constitutional right newly recognized by the Supreme Court and made retroactive to cases on collateral review, or (3) the factual predicate for the claim could not previously have been discovered through due diligence. § 2244(d)(1)(B)–(D). Here, the district court concluded that Thompson's one-year clock began to run from the date of final judgment in February 2012, when the 90-day window for seeking certiorari review at the United States Supreme Court expired following his direct appeal to the OCCA, and therefore lapsed one year later. *See* Sup. Ct. R. 13.1. In reaching this conclusion, the district court rejected Thompson's suggestion that § 2244(d)(1)(C) or (D) applied to delay the limitations period based on either a newly recognized constitutional right or a diligently discovered factual predicate.

3

On appeal, Thompson again invokes § 2244(d)(1)(D), which runs the one-year limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In support, Thompson asserts the OCCA's August 2021 ruling in *Matloff*, that *McGirt* has no retroactive effect, created a new "factual predicate" under § 2244(d)(1)(D) because the OCCA relied on it to dispose of his request for state postconviction relief. In his view, "*Matloff* is wrong," and he had one year from the date of the decision to challenge it. Aplt. Br. 8. But Thompson's habeas petition challenges the jurisdictional basis of his convictions, not the OCCA's decision in *Matloff*—a case unrelated to his own that had no legal effect on his convictions. *See* § 2254(a) (specifying that federal courts may entertain § 2254 petition "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). And Thompson's petition alleges just two facts that together constitute the factual predicate for his claim: (1) he is a member of the Muscogee (Creek) Nation and (2) his crimes occurred in Indian country. Because both these facts were available to Thompson through due diligence before his judgment became final, he cannot benefit from § 2244(d)(1)(D).

Even if we liberally construe Thompson's argument that *McGirt* applies retroactively (and *Matloff* erred in holding otherwise) as invoking § 2244(d)(1)(C), his argument fails. That provision restarts the one-year clock on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). But contrary to Thompson's assertion,

4

"*McGirt* announced no new constitutional right"; it merely "resolved a question of 'statutory interpretation,'" determining that Congress had not disestablished the Creek Reservation. *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022) (quoting *McGirt*, 140 S. Ct. at 2474); *see also Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (noting this court's recent caselaw "make[s] clear" that "the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(d)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions").

Thus, Thompson fails to show that reasonable jurists could debate the district court's procedural ruling that his petition was time-barred. We therefore deny his COA request and dismiss this appeal. *See Slack*, 529 U.S. at 484. As a final matter, we grant Thompson's motion to proceed in forma pauperis on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge